JAMES F. LUTHER AND CLAUDIA L. LUTHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luther v. Commissioner
Docket No. 21078-80.
United States Tax Court
T.C. Memo 1982-244; 1982 Tax Ct. Memo LEXIS 500; 43 T.C.M. (CCH) 1299; T.C.M. (RIA) 82244; May 4, 1982. James F. Luther, pro se. Daniel T. Ramthun, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *501 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $ 954.48. The issue for decision is whether petitioners must recapture on their 1977 Federal return a new residence tax credit taken by them on their 1975 return. FINDINGS OF FACT Petitioners, husband and wife, filed a joint Federal income tax return for 1977 with the Internal Revenue Service at Fresno, California. At the time of filing their petition in this case, they resided in Redding, California. In May, 1975, petitioners purchased a new residence located at 1351 South State Street, Porterville, California. The purchase of that residence qualified petitioners for the "new principal residence" tax credit provided for in section 44. On their 1975 Federal income tax return, petitioners properly claimed a "new principal residence" tax credit in the amount of $ 954.48. On November 14, 1975, petitioners sold their residence in Porterville, California, on which they had claimed the "new principal residence" tax credit. On or about November 17, 1975, petitioners purchased a residence in Sparks, Nevada. The *502 use of that residence did not originate with petitioners. In July, 1977, petitioners moved to Redding, California, where they rented a home until April, 1978; in April, 1978, they purchased a new residence. In his notice of deficiency, respondent informed petitioners that, since they did not buy or build a new residence to replace the residence on which they claimed the "new residence credit" within eighteen (18) months from the sale of their "new" residence, they were required to recapture the credit on their 1977 return. OPINION Section 44 allowed a taxpayer as a tax credit "an amount equal to 5 percent of the purchase price of a new principal residence purchased or constructed by the taxpayer." The credit was subject to recapture if the residence was disposed of within 36 months after it was acquired and if the taxpayer did not purchase a new principal residence within 18 months from the date of sale of the first new principal residence. After selling the "new residence" on which they claimed the credit, petitioners purchased another home on November 17, 1975, which was approximately 20 years old. That home was also sold by petitioners and they did not purchase another *503 "new residence" until April of 1978, a date clearly outside of the 18-month period within which petitioners could have purchased the second "new residence" in order to avoid the recapture provisions of section 44(d). The recapture provisions of section 44(d) are clear and unambiguous. Since petitioners did not purchase another "new residence" within an 18-month period from November 14, 1975, when they sold the "new residence" on which they claimed the credit, they are required to recapture the credit in 1977. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.